UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
MATTHEW T. MILLHOUSE, JR.,          :
                                    :         Civil Action No.
            Petitioner,             :         10-5512 (NLH)
                                    :
            v.                      :         **MEMORANDUM OPINION**
                                    :         **AND ORDER**
WARDEN DONNA ZICKEFOOSE,            :
                                    :
            Respondent.             :
_____:

It appearing that:

1.  In 1999, "[a] federal jury found Petitioner guilty of two counts of money laundering in violation of Title 18 U.S.C. § 1956(h).  On February 19, 1999, [the United States District Court for the Northern District of Ohio ("N.D. Ohio")] sentenced Petitioner to, <u>inter</u> <u>alia</u>, twenty years imprisonment."  <u>Millhouse v. United States</u>, 2007 U.S. Dist. LEXIS 40763, at *2 (N.D. Ohio June 5, 2007).

2.  Petitioner showered the N.D. Ohio with a flood of motions challenging his conviction.  <u>See</u>  <u>United States v.Millhouse</u>, Crim. Action No. 07-0760 (PCE) (N.D. Ohio) (reflecting over three hundred docket entries).  All Petitioner's challenges were dismissed by that court.  <u>See</u> <u>id.</u>

3.  Petitioner then challenged his conviction on direct appeal to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") and by means of § 2255 motion to N.D.

Ohio, the denial of which Petitioner also appealed to the Sixth Circuit.  See id.  The Sixth Circuit dismissed all Petitioner's direct and § 2255 appellate challenges.  See id.

4. Petitioner then initiated a host of actions in the United States District Court for the District of Columbia ("D.D.C."), asserting violations by the Bureau of Prisons ("BOP"), Internal Revenue Service ("IRS") and his prosecutors.  See Millhouse v. IRS, 180 Fed. App'x 180 (D.C. Cir. 2006); Millhouse v. IRS, 2006 U.S. App. LEXIS 6632 (D.C. Cir. Mar. 15, 2006); Millhouse v. IRS, 2006 U.S. App. LEXIS 6630 (D.C. Cir. Mar. 15, 2006);  Millhouse v. Exec. Office for the United States Attys., 2005 U.S. App. LEXIS 19301 (D.C. Cir. Sept. 1, 2005); Millhouse v. Bureau of Prisons, 2005 U.S. App. LEXIS 4637 (D.C. Cir. Mar. 11, 2005); Millhouse v. Bureau of Prisons, 2005 U.S. App. LEXIS 4636 (D.C. Cir. Mar. 11, 2005); Millhouse v. Sawyer, 2004 U.S. App. LEXIS 7076 (D.C. Cir. Apr. 9, 2004); Millhouse v. Sawyer, 2004 U.S. App. LEXIS 3889 (D.C. Cir. Feb. 27, 2004); Millhouse v. IRS, 2005 U.S. Dist. LEXIS 1290 (D.D.C. 2005). All Petitioner's challenges were dismissed, and the United States Court of Appeals for the District of Columbia ("D.C. Cir.") affirmed all dispositions reached by the D.D.C. and denied Petitioner's multiple requests for rehearing.  See

<u>id.</u>

6.  Petitioner filed a corresponding host of applications for certiorari with the Supreme Court of the United States ("Supreme Court"), challenging virtually every determinations reached by the Sixth Circuit and the D.C. Cir.; all such applications were denied by the Supreme Court. See <u>Millhouse v. United States</u>, 129 S. Ct. 261 (2008); <u>Millhouse v. United States</u>, 552 U.S. 1205 (2008); <u>Millhouse v. IRS</u>, 549 U.S. 836 (2006); <u>In re Millhouse</u>, 534 U.S. 1104 (2002).

5.  Having failed to convince the Supreme Court, D.C. Cir., Sixth Circuit, D.D.C. and N.D. Ohio of the merits of his claims, Petitioner broadened his litigious efforts to include this District, which jurisdiction corresponds to the geographic borders of the State of New Jersey, where Petitioner's place of confinement, F.C.I. Fort Dix, is located.

6.  Specifically, in January 2009, Petitioner initiated a § 2241 action in this District by filing a petition that contained eleven grounds, each of which challenged, in one way or another, the validity of Petitioner's conviction in N.D. Ohio. See <u>Millhouse v. Grondolsky</u>, Civil Action No. 09-0312 (JBS) (D.N.J.). Judge Simandle, presiding over that matter, explained to Petitioner why this District had no

jurisdiction to entertain Petitioner's challenges. See Millhouse v. Grondolsky, 2009 U.S. Dist. LEXIS 130109 (D.N.J. Mar. 31, 2009). Petitioner appealed Judge Simandle's determination to the United States Court of Appeals for the Third Circuit ("Third Circuit"), which affirmed Judge Simandle's determination. See Millhouse v. Grondolsky, 331 Fed. App'x 108 (3d Cir. 2009).

7. Less than a year passed by, and Petitioner filed another § 2241 petition, containing again eleven challenges to his N.D. Ohio conviction, see Millhouse v. Zickefoose, Civil Action No. 09-6551 (JBS); these challenges effectively paraphrased those eleven challenges that were already dismissed by Judge Simandle in Millhouse v. Grondolsky, Civil Action No. 09-0312 (JBS) (D.N.J.). Judge Simandle, presiding over Petitioner's second § 2241 action in this District, again dismissed Petitioner's challenges, noting:

> There is no basis for this second filing. The law has not changed since this Court's less-than-a-year-old decision dismissing, on March 31, 2009, Petitioner's prior § 2241 petition. Nor did the law change during the four-month period from August 17, 2009 (the date when the Court of Appeals affirmed this Court's determination) to December 23, 2009 (when Petitioner executed the instant Petition). Therefore, just as last year, Petitioner's instant application is still subject to dismissal on the grounds already articulated by this Court and the Court of Appeals. Indeed, another reiteration of the same appears wholly unwarranted and a waste of judicial resources.

Millhouse v. Zickefoose, 2010 U.S. Dist. LEXIS 30512, at *3-

4 (D.N.J. Mar. 30, 2010). Petitioner appealed Judge Simandle's determination as to his second § 2241 petition and, during his appeal, sought Third Circuit's order "releas[ing him] on bail pending resolution of his appeal." On October 6, 2010, the Third Circuit affirmed Judge Simandle's determination with regard to Petitioner's second § 2241 application and denied Petitioner's request for release on bail. See Millhouse v. Zickefoose, 396 Fed. App'x 796 (3d Cir. 2010) (noting that Petitioner's "appeal plainly lacks merit").[1]

8. On October 19, 2010, that is, just thirteen days after the Third Circuit affirmed Judge Simandle's second determination, Petitioner filed another § 2241 petition in this District, see Instant Matter, Docket Entry No. 1, at 26; that petition gave rise to the action at bar. See Docket Entry No. 1. The petition, consisting of two parts and covering the total of 97 pages, see id., Docket Entries No. 1 and 1-1, raises seven grounds for relief. See id., Docket Entry No. 1, at 11-26. The first six of these seven Grounds presented yet another paraphrasing of the very same challenges that were dismissed, twice, by Judge Simandle

---

[1] Dissatisfied with the Third Circuit and Judge Simandle's conclusions, Petitioner sought certiorari from the Supreme Court, which denied his application. See Millhouse v. Grondolsky, 130 S. Ct. 1094 (2010).

(and which dismissal was affirmed, twice, by the Third Circuit, with the Supreme Court denying certiorari).[2]  More specifically, in this matter Petitioner again challenged his conviction in N.D. Ohio by asserting that: (a) his conviction was obtained without a sufficient IRS record; (b) his arrest lacked proper warrant; (c) his indictment was deficient; (d) his grand jury charges were without merit; (e) his conviction was improperly based on a hung jury finding; and (f) his conviction was obtained in violation to Petitioner's right to effective assistance of counsel.  See id. at 11-21.  Finally, in an attempt to stitch his challenges to his conviction to the jurisdictional mandate of Section 2241, Petitioner asserted, as his Ground Seven, that the BOP had improperly calculated his sentence term.  See id. at 21.  However, Petitioner's discussion of his Ground Seven challenge unambiguously revealed that this line of allegations had nothing in common with the BOP's calculation of Petitioner's prison term; rather, his Ground Seven built exclusively upon the BOP's dismissal of Petitioner's position that the BOP was holding Petitioner in confinement on the basis of Petitioner's conviction, which he deemed illegal and, apparently, which he wished to

---

[2] Moreover, substantive aspects of Petitioner's challenges were found without merit by the D.C. Cir., the Sixth Circuit, D.D.C. and N.D. Ohio.

challenge to the BOP. <u>See</u> <u>id.</u> at 21-26. Such "creative" paraphrasing of Petitioner's second-and-successive-Section-2255 claims into § 2241 challenges was already expressly rejected by both the Third Circuit and Judge Simandle, twice.

9. Therefore, Petitioner's instant § 2241 petition is subject to dismissal for lack of jurisdiction on the grounds already twice articulated by the Third Circuit and already twice detailed by Judge Simandle.

10. Moreover, Petitioner's instant § 2241 application is subject to dismissal on the grounds of abuse of writ.

> When a prisoner files multiple petitions for habeas corpus relief, the abuse of the writ doctrine as set forth in 28 U.S.C. § 2244(a) may bar his claims: No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . .

<u>Furnari v. United States Parole Comm'n</u>, 531 F.3d 241, 250 (relying on <u>Sanders v. United States</u>, 373 U.S. 1, 9 (1963)). Judge Simandle already explained to Petitioner that "[t]here is no basis for this [repeated] filing." <u>Millhouse</u>, 2010 U.S. Dist. LEXIS 30512, at *3. Petitioner, however, refused to heed to Judge Simandle's guidance. Petitioner, therefore, is warned, in the strongest terms, not to file other actions abusing the writ, since sanctions will be

Page -7-

applied to Petitioner in the event he continues abusing legal process.  "The courts in this nation stand ready to address challenges brought by litigants in good faith. Which, in turn, means that the judiciary — including the Judges in this District — expect litigants to treat their litigation with utmost seriousness, without abusing legal process and without unduly testing of the resolve or common sense of the judiciary."  In re Telfair, 745 F. Supp. 2d 536, 2010 U.S. Dist. LEXIS 110681, at *130 (D.N.J. Oct. 15, 2010).

IT IS, therefore, on this  27th day of  May  , 2011,

ORDERED that the Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, Docket Entry No. 1, is dismissed for lack of jurisdiction; and it is further

ORDERED that Petitioner's motions, Docket Entries Nos. 2, 3, 4 and 5 (seeking appointment of counsel, release on bail, entry of default judgment against Respondent, and service of process on Respondent), are dismissed as moot; and it is finally

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner, by regular U.S. mail, and shall close the file on this matter.

/s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey